UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 25-08469-KK | Date: | January 6, 2026 |
|---|---|---|---|
| Title: | *In re David Alan Wilson* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Appellants(s): | Attorney(s) Present for Appellees(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order DISMISSING the Instant Action for Failure to Prosecute

## I.
## PROCEDURAL HISTORY

On September 7, 2025, appellants Thomas I. McKnew, Lisa A. McKnew, Michelle Wilson, Beata Wilson, and Santa Clara, LLC ("Appellants") filed a Notice of Appeal and Statement of Election regarding the Bankruptcy Court's order granting a temporary restraining order. ECF Docket No. ("Dkt.") 1 at 2. On September 22, 2025, Appellants filed a separate appeal concerning the Bankruptcy Court's subsequent preliminary injunction order in the same bankruptcy proceeding. In Re David Alan Wilson, No. 2:25-cv-08998-KK, dkt. 1 at 58. Accordingly, on December 2, 2025, the Court issued an Order to Show Cause ("OSC") why Appellants' action should not be dismissed as moot and/or duplicative of No. 2:25-cv-08998-KK. Dkt. 13. The Court ordered Appellants to file a response to the OSC "within 14 days," and advised Appellants "[f]ailure to respond may result in dismissal without further notice." Id.

To date, Appellants have not filed a Response to the Court's December 2, 2025 OSC. Appellants are, therefore, in violation of the Court's December 2, 2025 OSC.

## II.
## DISCUSSION

It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or comply with court orders. See Fed. R. Civ. P. 41(b); see also Hells Canyon

JS-6

<u>Pres. Council v. U.S. Forest Serv.</u>, 403 F.3d 683, 689 (9th Cir. 2005) (stating a court may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) <u>sua sponte</u>); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming district court's dismissal of action pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with court order).  In deciding whether to dismiss an action for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions."  <u>Omstead v. Dell, Inc.</u>, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986)), <u>overruled on other grounds by</u> <u>Langere v. Verizon Wireless Servs., LLC</u>, 983 F.3d 1115, 1117 (9th Cir. 2020).

Additionally, the Ninth Circuit has routinely upheld dismissals of bankruptcy appeals for lack of prosecution and/or failure to comply with court orders, applying the aforementioned five-factor test.  See <u>Moore v. PHH Mortg. Corp.</u>, No. 20-35877, 2021 WL 6103114, at *1 (9th Cir. Dec. 22, 2021); <u>In re Flowers</u>, 716 F. App'x 657, 658 (9th Cir. 2018).

In the instant action, the first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal.  Appellants have not filed a response to the Court's December 2, 2025 OSC.  Dkt. 13.  This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition and suggests Appellants do not intend to litigate this action diligently.

The third factor – prejudice to the defendant – also weighs in favor of dismissal.  A rebuttable presumption of prejudice to the defendant arises when a plaintiff unreasonably delays prosecution of an action.  <u>See</u> <u>In re Eisen</u>, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  Nothing suggests such a presumption is unwarranted in this case.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal.  It is Appellants' responsibility, however, to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics.  <u>See</u> <u>Morris v. Morgan Stanley & Co.</u>, 942 F.2d 648, 652 (9th Cir. 1991).  Appellants have not discharged this responsibility despite having been: (1) instructed on Appellants' responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so.  <u>See</u> dkt. 13.  Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Appellants' failure to obey court orders or to file responsive documents within the time granted.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal.  The Court cannot move the case toward disposition without Appellants' compliance with court orders or participation in this litigation.  Appellants have shown Appellants are either unwilling or unable to comply with court orders by failing to file responsive documents or otherwise cooperating in prosecuting this action.

Additionally, while dismissal should not be entered unless Appellants have been notified dismissal is imminent, see <u>W. Coast Theater Corp. v. City of Portland</u>, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has explicitly warned Appellants about the possibility of dismissal, <u>see</u> dkt. 13.

**JS-6**

Finally, as set forth in this Court's December 2, 2025 OSC, the instant action is duplicative of <u>In Re David Alan Wilson</u>, No. 2:25-cv-08998-KK.  Dkt. 13.  <u>See</u> <u>In re Van Upp</u>, No. C 10-01431 SI, 2011 WL 1113459, at *2-3 (N.D. Cal. Mar. 25, 2011) (dismissing three bankruptcy appeals for failure to prosecute and to respond to the Court whether these appeals were duplicative).

### III.
### CONCLUSION

Accordingly, the Court **DISMISSES** this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with Court orders and as duplicative.  **IT IS FURTHER ORDERED** that the Clerk of Court shall close this action.  (JS-6)

**IT IS SO ORDERED.**